MAGER, Judge
(dissenting):
I must dissent because I believe the general principles of law set forth by the majority have not been correctly applied to the facts of the case sub judice.
Contentions similar to those made by the parties with respect to policy provisions substantially identical to those in the case sub judice were considered in New Amsterdam Casualty Company v. Addison, Fla.App.1964, 169 So.2d 877, and Aetna Insurance Company v. Stevens, Fla.App.1969, 229 So.2d 601. In both cases the court found the existence of an ambiguity which was resolved against the insurer and in favor of the insured. Paraphrasing Judge Mann’s observations in Aetna, if the insurance company had no intention of defending the general contractor accused of negligent construction after completion of his *279 work, it should have said so in plain language. As Judge Mann concluded:
“Any appellate judge who has seen what he thought was a perfectly clear opinion cited as authority for some bizarre proposition can sympathize with those who must writ technical language. The law does not penalize plain language, but it puts the cost of ambiguity squarely on the insurer.”
In light of the foregoing it is my opinion that an ambiguity exists in the policy of insurance with respect to the “Products— Completed Operations” provision. I would reverse for the reasons more fully set forth in the New Amsterdam and Aetna decisions.